OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The only evidentiary fact to which plantiff points to sustain the fraud cause of action is that the exclusive agency agreement between Standard Brands Incorporated and Douglas A. Edwards Incorporated was not signed by Edwards until December 19, 1977. Plaintiff does not suggest that Edwards was not exclusive agent when on December 12, 1977 it represented to plaintiff that it was, but only that the written evidence of that agency, dated December 12, 1977, was not a completed agreement until Edwards signed it. Defendants are entitled to summary judgment on this cause of action because there is no triable issue concerning misrepresentation.
Plaintiff’s brokerage claim against Standard Brands and Edwards turns on the affidavit of Angela Pepi that on December 12,1977 in a telephone conversation with defendant Edwards principal, Ghazarossian, he told her that Edwards was “the exclusive broker-agent” and “Standard will pay a full brokerage commission to any procuring broker.” The fact of Edwards agency may not be proved by the declaration of the agent, however, and the only other evidence of agency submitted by plaintiff is the written1 agreement which contains the express limitation that “No commission will be due and payable unless and until a sublease or assignment of lease is executed”. Similar conditions were contained in the covering letters accompanying the pro *781 posed sublease forwarded by Standard Brands’ Director of Real Estate, of which Williams received a copy. Standard Brands is, therefore, entitled to summary judgment on the brokerage cause of action because no triable issue concerning either a written or an oral contract binding on it has been shown.
As concerns Edwards there is no factual support for the allegation of the complaint that Williams was employed by Edwards, for the Pepi affidavit establishes only that Ghazarossian told her that Standard would pay a full brokerage commission. Plaintiff’s claim against Edwards, as detailed in the supporting affidavits, is on an oral brokerage contract only. There is, therefore, no triable issue of fact on the contract cause of action against Edwards either.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.